1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

ERIC DAVIS and SERENA DAVIS,                )      Case No.: 10-CV-04477-LHK
                                             )
12                      Plaintiffs,          )
                                             )
13        v.                                 )      ORDER GRANTING MOTION TO
                                             )      DISMISS AND DENYING MOTION TO
14  CITIBANK WEST, FSB, AND                  )      STRIKE AS MOOT
    CITIMORTGAGE, INC.,                      )
15                                           )
                        Defendants.          )
16  _____)

17        Before the Court is a Motion to Dismiss (Motion) Plaintiffs' First Amended Complaint

18  (FAC) brought by Defendants Citibank West, FSB, and Citimortgage, Inc. (together, Citibank).

19  Plaintiffs Eric and Serena Davis filed an opposition brief and Motion to Strike Defendants' Motion.

20  Having considered the parties' submissions and arguments, and for the reasons set forth below, the

21  Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiffs' Motion to Strike.

22        I.        Background

23        On June 28, 2005, Plaintiffs Eric and Serena Davis obtained a $1,500,000 home mortgage

24  loan from Citibank secured by their home at 3737 Coyote Canyon, Soquel, CA.  FAC at ¶ 14.

25  Plaintiffs served Citibank with a complaint on October 4, 2010, and amended their complaint on

26  October 6, 2010. Dkt Nos. 1, 3, 5.  In their FAC, Plaintiffs allege that their loan was provided in

27  the form of a "check or checks not backed by or redeemable in Federal Reserve Notes, coins or

28  lawful money of the United States for their full face value."  FAC ¶ 21.  Plaintiffs assert four

1

Case No.: 10-CV-04477-LHK
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

United States District Court
For the Northern District of California

causes of action based on the allegedly illusory loan: Breach of Contract, Fraud (Mail and Wire), Usury, and violations of the Truth in Lending Act (TILA, 15 U.S.C. § 1600 *et seq.*) . *Id.* ¶¶ 28-43.

II.     Legal Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Additionally, claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. Pro. 9(b).  To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The rule favoring liberality in granting leave to amend is particularly important for *pro se* litigants. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

2

III.     Discussion

     A.  Jurisdiction

In the FAC, the Plaintiffs allege three bases for jurisdiction: (1) diversity; (2) 42 U.S.C. § 1983; and (3) Seventh Amendment of the United States Constitution.  Although not raised by the Plaintiffs, the Court would have federal question jurisdiction over Plaintiffs' TILA claim and accordingly supplemental jurisdiction over Plaintiffs' three state law claims.  However, for the reasons discussed below, Plaintiffs have failed to establish that jurisdiction is appropriate on any of these bases.

Regarding diversity, the FAC alleges that Plaintiffs are residents of California, and that CitiBank (West) FSB has its principal office in San Francisco, California.  For diversity purposes, the citizenship of a federal savings bank is determined by the location of its home office.  12 U.S.C. § 1464(x).  Therefore, it appears from the face of the complaint that there is no diversity between the parties, as Plaintiffs and one of the Defendants are all alleged to be California citizens.

Second, regarding § 1983, Plaintiffs did not assert a § 1983 claim in the FAC.  Moreover, in order to prevail under § 1983, a plaintiff "must show (1) that Defendants deprived him or her of a right secured by the Constitution or laws of the United States and (2) that, in doing so, Defendants acted under color of state law."  *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (internal citations and alterations omitted).  Plaintiffs have not alleged that any Defendant acted under color of state law.  Even if Plaintiffs had attempted to assert a § 1983 claim in the FAC, Plaintiffs have failed to allege specific facts to establish such a claim.  Therefore, there is no jurisdiction under § 1983 based on the allegations in the FAC.

Third, the Seventh Amendment right to a jury trial does not give this Court jurisdiction over Plaintiffs' claims.

Finally, Plaintiffs have attempted to assert a claim arising under federal law, their TILA claim.  The Court has jurisdiction over a TILA claim under 28 U.S.C. § 1331, and supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a).  However, as discussed herein, the Court finds that Plaintiffs have failed to allege sufficient facts to sustain any of their claims.

3

1   If Plaintiffs cannot plead facts to establish that diversity jurisdiction is in fact appropriate,

2   or to establish a plausible § 1983 or TILA claim, this Court will decline to exercise supplemental

3   jurisdiction over the additional alleged state law claims, and dismiss those claims.  *See Brady v.*

4   *Brown*, 51 F.3d 810, 815 (9th Cir. 1995).

5   　　　　B.  Breach of Contract

6   　　In California, the statute of limitations for breach of a written contract is four years.  Cal.

7   Code Civ. P. § 337(1).  Although it is somewhat unclear, Plaintiffs' breach of contract claim

8   appears to arise on or near the date the loan was executed.  Because the loan was entered in June,

9   2005, but Plaintiffs did not bring their complaint until October, 2010, it appears the breach of

10  contract claim is time-barred.  Although the limitations period may be equitably tolled, equitable

11  tolling is applied "sparingly" in the Ninth Circuit.  *Lehman v. United States*, 154 F.3d 1010, 1016

12  (9th Cir. 1998).  Plaintiffs must allege facts to establish that such tolling is appropriate.  Plaintiffs

13  have alleged no such facts here.  Although Plaintiffs state that they "only recently became aware of

14  the fraudulent activities of the Defendants," this conclusion is not sufficient to state a basis for

15  equitably tolling Plaintiff's claims.   FAC ¶ 23.

16  　　In addition, Plaintiffs have failed to allege all the elements of a breach of contract claim.  A

17  breach of contract claim requires that the plaintiff plead facts establishing: "(1) existence of the

18  contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4)

19  damages to plaintiff as a result of the breach."  *Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas*

20  *Co.,* 116 Cal. App. 4th 1375, 1391 n.6, (2004) (citation omitted).  Although Plaintiffs have

21  appended a Deed of Trust which identifies Citibank (West) FSB as the "Lender" and Plaintiffs as

22  "Borrowers," Plaintiffs argue in their Opposition to the Motion that "NO contract exists."  *See*

23  Opp'n at 3.  Plaintiffs cannot state a breach of contract claim without a contract.  In addition,

24  Plaintiffs fail to allege that they performed their obligations under the Deed of Trust, or that their

25  nonperformance was excused.  Finally, Plaintiffs have failed to allege how Citibank breached the

26  Deed of Trust or what damages Plaintiffs suffered as a result.  Accordingly, this claim is dismissed.

27

28

Case No.: 10-CV-04477-LHK
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

**United States District Court**
For the Northern District of California

C.  TILA

A TILA claim for damages is subject to a one-year statute of limitations.  *See* 15 U.S.C. §1640(e).  As a general rule, the one-year period runs from the date of the consummation of the transaction at issue.  *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *Id.*  However, as discussed above, Plaintiffs have pled no facts that support equitable tolling.  Because the loan agreement was entered June 28, 2005 and the Complaint was filed October 4, 2010, Plaintiffs' TILA damages claims appear to be time barred. *See* FAC at ¶ 14, 16; Dkt. No. 1.  Accordingly, this claim is dismissed.

D.  Fraud

A complaint must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  Allegations of fraud must be stated with "specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'"  *Swartz*, 476 F.3d at 764 (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  To survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Id.* (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

Plaintiffs allege in conclusory fashion that Defendants made "false representations" to them, but do not identify what those representations are or when they were made.  Plaintiffs' claim for fraud is based on their "vapor money" argument, but as discussed below, this theory is legally invalid.  Therefore, Plaintiffs' allegation that Defendants misrepresented the nature of the loan because they failed to lend Plaintiffs "lawful money" does not suffice to state a plausible claim for fraud.  Because Plaintiffs have not alleged sufficient facts indicating the specific content of any false representations made by Defendants, Plaintiffs' fraud claim does not meet the Rule 9(b) standards.  Therefore, this claim is dismissed.

E.  Usury

Citibank argues that Plaintiffs have failed to allege sufficient facts to establish the elements of usury under California law.  These elements are: (1) a loan or forbearance; (2) interest exceeding the statutory maximum; (2) absolute repayability of loan and interest; and a (4) a lender with a willful intent to enter into a usurious transaction.  *Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1537 (2003) (internal quotation omitted).  The statutory maximum is ten percent per year. *Id.* at 1538.  Plaintiffs allege that, although their Deed of Trust states an annual interest rate of 6.000%, the interest charged was greater than twenty times this because "the actual lawful money which the Defendants risked for the alleged loan" was less than 5% of the face value of the loan. As discussed below, Plaintiff's "vapor money" theory is without merit.  Therefore, Plaintiffs have failed to allege at least the second element of a usury claim, namely that the interest exceeded the statutory minimum.  Although Plaintiffs state this as a conclusion, the other facts alleged in the complaint refute this conclusion.  As a result, the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.  Therefore, Plaintiffs have failed to allege a claim for usury under California law.

F.  Vapor Money

Plaintiffs allege that their loan was provided in the form of a "check or checks not backed by or redeemable in Federal Reserve Notes, coins or lawful money of the United States for their full face value." FAC at ¶ 21.  Plaintiffs allege that no more than 1/20th of the loan was provided in "actual" money and that therefore the interest rate charged was at least 20 times the agreed upon 6% annual rate.  *Id.* at ¶ 18.

Plaintiffs' illusory loan theory has been referred to as the "vapor money" theory.  Such claims have been brought and rejected across the United States for over 25 years.  *See Nixon v. Individual Head of St. Joseph Mortg. Co.*, 615 F.Supp. 898, 900 (C.D. Ind. 1985) (accepting that a check is not "legal tender in the sense of a dollar bill or coins," but rejecting the theory that therefore a bank loan proffered as a check was invalid); *Frances Kenny Family Trust v. World Sav. Bank FSB*, No. C 04-03724, 2005 U.S. Dist. LEXIS at *15 (N.D. Cal. Jan. 19, 2005) (". . . plaintiffs' 'vapor money' theory has no basis in law.  It has been squarely addressed and rejected

6

by various courts throughout the country for over twenty years."); *Vollmer v. Present*, No. CV 10-1182, 2010 U.S. Dist. LEXIS 127446 at *18-19 (D. Ariz. Dec. 1, 2010) ("this theory is entirely implausible and meritless").

Plaintiffs do not specify the basis for their vapor money theory, but regardless of the basis, the theory lacks merit. *See* FAC at ¶ 13-27. Checks granted for home loans can be used to purchase a home, or exchanged for legal tender. *Nixon*, 615 F.Supp. at 900. Furthermore, a bargained-for contract need not be paid in legal tender if the parties agreed otherwise. *Id.* Taking Plaintiffs' allegations as true, it appears that all parties agreed that the check was an acceptable payment method, including Plaintiffs as demonstrated by their "acceptance of the benefits of the transaction" without complaint for five years. *See* FAC at ¶ 14, 16; Dkt. No. 1; *Thiel v. First Fed. Sav. & Loan Ass'n*, 646 F.Supp. 592, 596 (N.D. Ind. 1986) (reasoning that by accepting the benefits of a loan, Plaintiffs in a vapor money case had agreed to payment by the proffered check). Plaintiffs allege no facts in support of their claim that Defendants at any time lacked cash reserves sufficient to back the loan check. *See* FAC at ¶ 13-27. Indeed, Plaintiffs do not allege a failed attempt to spend or cash the loan sum. *See* FAC. Thus, Plaintiffs cannot proceed on the basis of this vapor money theory.

All Plaintiffs' causes of action appear to be based on the vapor money theory. The breach of contract claim alleges the Defendants breached the contract by proffering a check and thus failing to provide the agreed upon sum in "lawful money." FAC at ¶ 28-29. The fraud claim alleges that Defendants provided an illusory loan (the check), creating a false debt which they wrongfully attempted to collect. FAC at ¶ 30-32. The usury claim alleges that because Defendants had at most 5% of $1,500,000 ($75,000) in their vaults backing the check, Defendants charged their interest on principal of at most $75,000, creating a usurious interest rate. FAC at ¶ 33-35. Finally, the TILA claim alleges that Defendants failed to disclose the material "fact" that they did not loan the Plaintiffs real money. FAC at ¶¶ 36-43. Because these causes of action all descend from the vapor money allegations, they are dismissed.

Case No.: 10-CV-04477-LHK
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

United States District Court
For the Northern District of California

## IV.    Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the FAC. Because the Court has dismissed the FAC, the Court DENIES Plaintiffs' motion to strike Defendants' Motion as moot.

Plaintiffs are hereby given leave to amend their complaint.  However, Plaintiffs may not reassert any cause of action based on a vapor money theory.  If Plaintiffs wish to amend their complaint, they must allege facts giving rise to their claims that do not depend on such a theory. Plaintiffs may not add additional claims or parties without leave of Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**Plaintiffs shall file a Second Amended Complaint, if any, within 21 days of this order.** If Plaintiffs choose to amend their complaint, they are encouraged to seek assistance from the Federal Legal Assistance Self-Help Center.[1]  **If Plaintiffs do not file an amended complaint within 21 days of this order, their claims will be dismissed with prejudice.**  Requests for an extension of time will not be favored and must be made in conformance with Civil Local Rule 6-2 or 6-3.

**IT IS SO ORDERED.**

Dated: March 24, 2011

_____
LUCY H. KOH
United States District Judge

---

[1] Help is provided by appointment.  To make an appointment, either sign up at the Center, located on the 4th Floor of the Federal Courthouse in San Jose, Room 4093, or call (408) 297-1480. Plaintiffs may find other resources for self-represented parties at https://ecf.cand.uscourts.gov/cand/ProSe/home.htm.

8

Case No.: 10-CV-04477-LHK
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE